EXHIBIT "A"

10/7/2021 8:45 AM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

## IN THE 143rd JUDICIAL DISTRICT COURT

## OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| DAVID VEJIL, | § | |
|     **Plaintiff** | § | |
| | § | |
| VS. | § | CAUSE NO. 21-10-24149-CVR |
| | § | |
| WILLIAM W. BASNETT, | § | |
|     **Defendant** | § | |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DAVID VEJIL, hereinafter called Plaintiff, complaining of and about WILLIAM W. BASNETT hereinafter called Defendant; and for cause of action would show unto the Court the following:

1. Pursuant to Texas Rules of Civil Procedure 190 the discovery of this case is to be conducted under Level 3.

2. Plaintiff, David Vejil is an individual whose address is 1518 S. Eddy St., Pecos, Reeves County, Texas.

3. Defendant, William W. Basnett, is an individual who is a nonresident of Texas and has no registered agent for service in Texas. William W. Basnett has been involved in a traffic collision in the State of Texas, and may be served with process by serving J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483, pursuant to §17.062 Texas Civil Practice & Remedies Code, who may in turn serve William W. Basnett at his home address, 4358 Walnut Creek NW Dr., Kennesaw, GA 30152.

4. The subject matter as well as the amount in controversy are both within the jurisdictional limits of this Court.

5. The venue is proper in Reeves County, Texas in that the occurrence made the basis of this suit occurred wholly in Reeves County, Texas.

6. As required by Rule 47(b), Texas Rules of Civil Procedure, the amount of Plaintiff's damages is well in excess of the jurisdictional minimums of this Court. Many elements of damages, including pain, suffering and mental anguish in the past and future, past and future physical impairment, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonable compensate Plaintiff. However, considering the foregoing paragraphs and solely in response to Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of not more than $500,000.00. However, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

7. Plaintiff affirmatively pleads that this suit **is not governed** by the expedited actions process in Tex. R. Civ. P. 169. Plaintiff demands judgment for all other relief to which Plaintiff is entitled.

8. On or about May 4, 2021, Plaintiff David Vejil, was driving his 2020 Lincoln Nautilus southbound on the 2400 block of Country Club Drive, Pecos, Reeves County, Texas when Defendant William W. Basnett who was driving a 2021 Ford Explorer VIN 1FMSK7FH6MGB03859 was westbound on 191 North Frontage Road, Pecos, Texas, failed to stop at the stop sign, thus failing to yield the right of way to Plaintiff. Defendant entered into the open intersection of Country Club Dr. and 191 North Frontage Road

causing the collision with Plaintiff. As a result of the negligent conduct of William W. Basnett and the resulting incident, Plaintiff, David Vejil, sustained substantial physical injuries. Plaintiff specifically alleges that all notice requirements and conditions precedent to filing this suit have been satisfied and/or completed.

9. The incident and Plaintiff, David Vejil's injuries suffered by reason thereof were proximately caused by Defendant, William W. Basnett's negligent, careless and reckless disregard of duty which consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant failed to keep a proper lookout for David Vejil's safety that would have been maintained by a person under the same or similar circumstances;

B. In that Defendant failed to yield the right of way to David Vejil;

C. In that Defendant entered an intersection into the direct path of David Vejil;

D. In that Defendant failed to take proper evasive action in order to avoid the collision with David Vejil's vehicle;

E. In that Defendant failed to apply his brakes in a timely and prudent manner;

F. In that Defendant failed to take proper caution while driving;

G. In that Defendant entered into the open intersection when unsafe;

H. In that Defendant failed to keep mental and physical alertness while operating a motor vehicle; and

I. Such other acts or omissions, constituting carelessness, negligence as may appear during the course of discovery procedures or which may be adduced at the trial of this case.

Each of the aforementioned negligent acts or omissions constituted a proximate cause of the incident and of the resulting damages and injuries to Plaintiff.

10. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, David Vejil, was caused to suffer whiplash, injuries to the left side of his body,

deterioration of his overall physical condition causing him to walk with the assistance of a cane, and weight loss.

11. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, David Vejil, was caused to suffer substantial injuries and to incur the following damages:

   A. Physical pain and mental anguish;
   B. Physical impairment;
   C. Medical care expenses; and,
   D. Property damage, including, but not limited to market value and/or cost of repair and loss of use of vehicle, towing and storage.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

12. All damages mentioned in the above paragraphs are in the past and future unless otherwise specified.

## REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

13. Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a) through (l), and any and all photographs, videotape or motion films taken of the scene of the accident, or of any vehicle or other equipment or object involved in the incident. Plaintiffs request that the documents be made available to the THE ALVAREZ LAW FIRM, at 120 W. 5th Street, Pecos, Texas 79772, fifty (50) days from the date of service of this request.

## NOTICE UNDER RULE 193.7

14. Please be advised that under Rule 193.7 any document produced by Defendant during discovery may be used against the Defendant at any pre-trial proceeding and/or trial without necessity of authenticating the document.

## DEMAND FOR JURY

15. Plaintiff, David Vejil demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff, David Vejil, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE ALVAREZ LAW FIRM
P.O. BOX 984
PECOS, TEXAS 79772
(432) 445-5480
(432) 445-7044 (FAX)
alvarezlawfirm1@gmail.com

By: __/s/ Alva Alvarez__
ALVA ALVAREZ
State Bar No. 24050039

ATTORNEY FOR PLAINTIFF

# THE STATE OF TEXAS

10-20-21 FILED 11:00 AM
PAT TARIN
CLERK, DISTRICT COURT
REEVES COUNTY, TEXAS
BY: B. Quenas, DEPUTY

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  WILLIAM W. BASNETT
     BY SERVING J. BRUCE BUGG, JR.
     CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION
     125 E 11TH ST
     AUSTIN, TX. 78701-2483

     WILLIAM W. BASNETT
     4358 WALNUT CREEK NW DR.
     KENNESAW, GA 30152

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND PRODUCTION** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 143RD DISTRICT COURT of Reeves County, Texas at the Courthouse of said County in Pecos, Texas. Said Plaintiff's Petition was filed in said court by ALVA ALVAREZ, (attorney for Plaintiff or Plaintiff), whose address is P.O. BOX 984, PECOS, TX 79772, on the 7th day of October, 2021 in this case, numbered 21-10-24149-CVR on the docket of said court, and styled,

*DAVID VEJIL*
*VS.*
*WILLIAM W. BASNETT*

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND PRODUCTION** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas on 13th day of October, 2021.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS
BY: [signature]
MISTY THOMAS, DEPUTY

CITATION BY MAIL.

**ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE**

Rule 106(a)(2) the citation shall be served by mailing to the Defendant **WILLIAM W. BASNETT** by Certified Mail # <u>7020 1290 0000 8192 3084</u> Return Receipt Requested, a true copy of the Citation <u>PLAINTIFF'S ORIGINAL PETITION AND RQUEST FOR DISCLOSURE AND PRODUCTION</u>

Sec. 17.027 Rules of Civil Practices and Remedies Code if prepared by Clerk of Court.

**CERTIFICATE OF DELIVERY
BY MAIL**

I hereby certify that on the 13th day of October, 2021 at <u>4</u> o'clock P.M., I mailed to **WILLIAM W. BASNETT
BY SERVING J. BRUCE BUGG, JR.
CHAIRMAN OF THE TEXAS
TRANSPORTATION COMMISSION
1125 E. 11TH ST.
AUSTIN, TX. 78701-2483**

**WILLIAM W. BASNETT**
4358 WALNUT CREEK NW DR.,
KENNESAW, GA 30152,
Defendant(s) by registered mail, with delivery restricted to Addressee Only, Return Receipt Requested, at the address stated above, a true copy of this citation with a copy of the Petition attached thereto.

PAT TARIN
DISTRICT CLERK
REEVES COUNTY, TEXAS
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

BY: _____
MISTY THOMAS, DEPUTY



11/15/2021 9:33 am
Pat Tann
DistrictClerk
Reeves County, Texas
Misty Thomas

IN THE 143RD JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| DAVID VEJIL | § | |
| Plaintiff, | § § § § | |
| v. | § | Cause No. 21-10-24149-CVR |
| WILLIAM W. BASNETT | § § § § | |
| Defendant. | § | |

## DEFENDANT WILLIAM W. BASNETT'S SPECIAL EXCEPTION, ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant William W. Basnett ("Mr. Basnett") files his Original Answer, Special Exception, and Affirmative Defenses to Plaintiff's Original Petition respectfully showing the following:

### I. Special Exception

1. Mr. Basnett specially excepts to Plaintiff's Original Petition and Jury Demand in that Plaintiff has not listed the last three digits of his Texas Driver License Number and Social Security Number pursuant to Section 30.014(a) of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. Rem. Code § 30.014(a). Mr. Basnett requests the Court order Plaintiff amend his pleadings to include this required information.

### II. General Denial

2. Subject to, and without waiving his Special Exception and Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Mr. Basnett generally denies the allegations contained in Plaintiff's Original Petition and Jury Demand (including any subsequently filed amended and/or supplemental petitions) and respectfully requests Plaintiff be required to prove his claims by a preponderance of the credible evidence as required by Texas law.

### III. Affirmative Defenses

3. Subject to, and without waiving it Special Exception, Mr. Basnett asserts the following affirmative defenses pursuant to the Texas Rules of Civil Procedure:

   a. To the extent the trier of fact concludes Plaintiff's conduct was a contributing, proximate, or sole proximate cause of Plaintiff's damages, injuries and losses, if any, Mr. Basnett raises the doctrine of comparative fault of Plaintiff in causing or contributing to this occurrence pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

1

b. Plaintiff's damages, injuries and losses, if any, were solely and proximately caused by incidents, events, and/or conditions prior to and/or subsequent to the incident made the subject of Plaintiff's claims and/or were not caused by the incident made the subject of Plaintiff's claims.

c. Plaintiff's damages, injuries and losses, if any, were the result of superseding or intervening causes, which were not foreseen by Mr. Basnett and could not reasonably have been foreseen by Mr. Basnett and were not caused by Mr. Basnett.

d. Plaintiff failed to mitigate his damages, injuries and losses, if any.

e. Plaintiff's damages, injuries and losses, if any, were preexisting conditions, injuries, ailments, or illnesses, and as such, work to bar Plaintiff's claims.

f. In the event Plaintiff settles with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, Mr. Basnett pleads his entitlement to have such person designated as a settling person, and hereby invokes his right to a settlement credit and/or off-set as set forth in Chapter 33, Texas Civil Practice and Remedies Code.

g. In the event of recovery of damages from Mr. Basnett (which Mr. Basnett continues to dispute liability for Plaintiff's alleged injuries and damages) in this case, any award of pre- and/or post judgment interest is limited by the provisions of sections 304.103, 304.104, and 304.003 of the Texas Finance Code.

h. The limitations on recovery of healthcare and/or medical expenses as contained by section 41.0105 of the Texas Civil Practice and Remedies Code, which states as follows: "In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE § 41.0105. Consequently, Mr. Basnett affirmatively asserts Plaintiff is only entitled to recover medical expenses in compliance with § 41.0105, Texas Civil Practice & Remedies Code.

i. In the event an award of damages is made to Plaintiff (which Mr. Basnett continues to dispute liability for Plaintiff's alleged injuries and damages), Mr. Basnett is entitled to such reduction as required by Section 18.091, Texas Civil Practices and Remedies Code, which states as follows: "Notwithstanding any other law, if any claimant seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law." TEX. CIV. PRAC. & REM. CODE § 18.091.

j. Mr. Basnett specifically claims any credit or offset available from payments made pursuant to the personal injury protection (PIP) provision of any insurance policy.

k. To the extent Plaintiff did not avail himself of available health insurance coverage

2

that would have resulted in a lower paid and incurred medical expense amount, Plaintiff did not mitigate his damages.

### IV.     Jury Demand

4.   Mr. Basnett requests a trial by jury of all issues of fact in this case.

### V.     Right to Amend/Supplement Pleading

5.   Mr. Basnett reserves the right to supplement or amend this pleading at a later date.

### VI.     Prayer

ACCORDINGLY, Defendant William W. Basnett respectfully requests Plaintiff take nothing by reason of the allegations contained in his Original Petition and that Mr. Basnett be awarded any and all other relief to which he is so justly entitled to in law or equity.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N Mesa St., Ste. 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:   */s/ Jeannette Garcia*
CARLOS RINCON
State Bar No. 16932700
CRincon@rinconlawgroup.com
OSCAR A. LARA
State Bar No. 24078827
OLara@rinconlawgroupo.com
JEANNETTE GARCIA
State Bar No. 24119402
JGarcia@rinconlawgroup.com

*Attorneys for William W. Basnett*

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served to the following attorney of record on this the 15th day of November 2021.

ALVA ALVAREZ  
THE ALVAREZ LAW FIRM  
P.O. BOX 984  
PECOS, TEXAS 79772  
(432) 445-5480 (Telephone)  
(432) 445-7044 (Facsimile)  
alvarezlawfirm1@gmail.com  

*Attorney for Plaintiff*

☒ *Via Electronic Service*  
☐ *Via Facsimile Transmission*  
☒ *Via E-Mail*  
☐ *Via Certified Mail RRR*  
☐ *Via USPS First Class*  
☐ *Via Hand Delivery*  
☐ *Via Commercial Delivery Service*

/s/ Jeannette Garcia  
JEANNETTE GARCIA

4