IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DAVID VEJIL                          §
                                     §
        Plaintiff                    §        Cause No. 4:21-CV-00084-DC-DF
                                     §
v.                                   §
                                     §
WILLIAM W. BASNETT                   §
                                     §
        Defendant.                   §

### DEFENDANT WILLIAM W. BASNETT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

William W. Basnett ("Mr. Basnett") now files his First Amended Answer to Plaintiff's Original Complaint, respectfully showing the following:

1.      With regards to paragraph 1, Mr. Basnett stipulates discovery will be performed under the Federal Rules of Civil Procedure.

2.      With regards to paragraph 2, Mr. Basnett lacks information to either admit or deny the allegation in this paragraph.

3.      With regards to paragraph 3, Mr. Basnett's admits.

4.      With regards to paragraph 4, Mr. Basnett admits.

5.      With regards to paragraph 5, Mr. Basnett admits the Pecos Division of the Western District of Texas is the proper venue to hear this case.

6.      With regards to paragraph 6, Mr. Basnett admits Plaintiff seeks monetary damages in excess of $250,000 and less than $500,000. Mr. Basnett, however, denies any and all liability in this case.

1

7. With regards to paragraph 7, Mr. Basnett admits this suit is not governed by Texas Rule of Civil Procedure 169 but denies the remaining allegations and denies any and all liability in this case.

8. With regards to paragraph 8, Mr. Basnett denies the factual allegations as recited by Plaintiff, and denies any and all liability in this case.

9. With regards to paragraph 9, including sub-paragraphs A-I, Mr. Basnett objects paragraph 9, including sub-paragraphs A-I, as it presents legal conclusions inappropriate in a pleading. Mr. Basnett further denies the allegations asserted and denies any and all liability in this case.

10. With regards to paragraph 10, Mr. Basnett objects to all the allegations in paragraph 10, as they present legal conclusions inappropriate for a pleading. Mr. Basnett denies all allegations in paragraph 10 and denies any and all liability in this case.

11. With regards to paragraph 11, including sub-paragraphs A-D, Mr. Basnett objects paragraph 11, including sub-paragraphs A-D, as it presents legal conclusions inappropriate in a pleading. Mr. Basnett further denies the allegations asserted and denies any and all liability in this case.

12. With regards to paragraph 12, Mr. Basnett objects paragraph 12 as it presents legal conclusions inappropriate in a pleading. Mr. Basnett further denies the allegations asserted and denies any and all liability in this case.

13. With regards to paragraph 13, Mr. Basnett will conduct discovery in accordance with the Federal Rules of Civil Procedure.

14. With regards to paragraph 14, Mr. Basnett asserts all discovery and evidence is governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, not the Texas Rules of Civil Procedure or the Texas Rules of Evidence.

15.    With regards paragraph 15, Mr. Basnett admits Plaintiff has requested a trial by jury.

16.    With regards to the "WHEREFORE" paragraph, Mr. Basnett denies the allegations asserted and continues to deny any and all liability in this case.

17.    As separate, alternative, and/or additional defenses and/or defensive matters, Mr. Basnett affirmatively answers as follows:

18.    Mr. Basnett affirmatively asserts Plaintiff's Complaint fails to conform to the pleading requirements of Federal Rule of Civil Procedure 10, in that the Complaint asserts multiple statements of multiple circumstances in a single paragraph, rather than in multiple paragraphs, as required, and in that regard, the Complaint is deficient and Plaintiff should be required to replead his Complaint. If Plaintiff fail to replead his Complaint in conformity with Rule 10, the Complaint should be stricken in its entirety.

19.    Mr. Basnett affirmatively asserts Plaintiff's claims and causes of action should be dismissed, in whole or in part, as it is apparent from the face of the Complaint Plaintiff's claims and causes of action fail to state a claim upon which relief can be granted as Plaintiff's claims are barred by the applicable statute of limitations. *See* FED. R. CIV. P. 12(b)(6).

20.    Mr. Basnett asserts the injuries and damages claimed, if any, were caused or contributed to by the negligent or other acts or omissions of parties and non-parties for whom Mr. Basnett has no responsibility, including Plaintiff. In that regard, Mr. Basnett affirmatively pleads the doctrine of comparative fault and states the fault/responsibility of all parties and responsible non-parties, including Plaintiff, should be determined by the trier of fact and damages, if any, be apportioned accordingly.

21.    Mr. Basnett affirmatively asserts any alleged incident was the result of an unavoidable accident.

22.     Mr. Basnett affirmatively asserts Plaintiff' injuries were all pre-existing, as evidenced by Plaintiff's medical records.

23.     Should the trier of fact find Mr. Basnett liable for any of Plaintiff' alleged injuries and/or damages, which Mr. Basnett expressly denies, Mr. Basnett affirmatively asserts he may only be held liable for his own conduct that proximately caused aggravation of Plaintiff's original condition(s) and not for the original condition(s) itself.

24.     Mr. Basnett affirmatively asserts at all times he undertook and performed any and all actions relevant to Plaintiff's claims in conformity with any and all applicable state and federal laws and regulatory guidelines.

25.     Mr. Basnett affirmatively asserts Plaintiff's claims for relief are barred, in whole or in part, by the failure to mitigate damages, if any.

26.     Should the trier of fact find Mr. Basnett liable for any of Plaintiff's alleged injuries and/or damages, which Mr. Basnett expressly denies, and award damages to Plaintiff for medical or health care expenses, Plaintiff is limited to recover only those amounts actually paid or incurred pursuant to the Texas Civil Practice and Remedies Code.

27.     Mr. Basnett affirmatively asserts Plaintiff must prove any loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law pursuant to the Texas Civil Practice and Remedies Code.

28.     Should the trier of fact find Mr. Basnett liable for any of Plaintiff's alleged injuries and/or damages, which Mr. Basnett expressly denies, and award damages to Plaintiff, any award of pre- and/or post judgment interest is limited by the provisions of the Texas Finance Code.

29.     Mr. Basnett reserves the right to amend his Answer to add such additional affirmative defenses, counterclaims, cross-claims, and third-party claims as may be disclosed during the course of discovery in this case.

Accordingly, William W. Basnett prays Plaintiff David Vejil take nothing by his claims and causes of action; and and such other and further relief to which he may be so justly entitled at law or in equity.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By: /s/ *Oscar A. Lara*
CARLOS RINCON,
TX State Bar No. 16932700
CRincon@rinconlawgroup.com
OSCAR A. LARA
TX State Bar No. 24078827
OLara@rinconlawgroup.com

*Attorneys for William W. Basnett*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served on the parties through his counsel of record via the Court's electronic service and via email, as follows, on this 2nd day of December, 2021:

/s/ Oscar A. Lara
OSCAR A. LARA

5