# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| DAVID VEJIL<br>*Plaintiff,* | § § § | |
| v. | § § | |
| WILLIAM W. BASNETT<br>*Defendant* | § § § § § | Case No. 4:21-CV-00084-DC-DF |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

NOW COMES DAVID VEJIL, Plaintiff, and for cause of action would respectfully show the following:

### I.   PARTIES

1. Plaintiff David Vejil is an individual and resident and a domiciliary of the State of Texas. At all times relevant, he resides in Pecos, Reeves County, Texas.

2. Defendant, William W. Basnett, has appeared before the Court through his attorney of record, Oscar Lara, Rincon Law Group, P.C., 1014 North Mesa Street, Suite 200, El Paso, Texas 79902. Plaintiff will serve a copy of this complaint on attorney of record.

3. Defendant Loyal Source Government Services, LLC is a corporation that is incorporated under the laws of the State of Florida. Defendant has its principal place of business in the State of Florida. Although Defendant Loyal Source Government Services, LLC has a registered agent in Texas, all high-level officers reside in Florida, and all direct control and

coordination of the business is conducted in the State of Florida. Loyal Source Government Services, LLC can be served with process by serving its registered agent, Registered Agent Solutions, Inc., 155 Office Plaza Drive., Suite A, Tallahassee, FL 32301.

## II.     JURISDICTION

4.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.     VENUE

5.     This is a negligence and personal injury cause of action arising out of a motor vehicle collision occurring in Reeves County in the Western District of Texas. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV.     FACTS

6.     On May 4, 2021, at approximately 8:52 A.M., Plaintiff was traveling southbound on the 2400 block of Country Club Drive in Pecos, Reeves County, Texas.

7.     Defendant William W. Basnett, while operating the vehicle for his employer, Defendant Loyal Source Government Services, LLC, was traveling westbound on 191 North Frontage Road and failed to yield the right of way (stop sign) in Pecos, Reeves County, Texas. Defendant's vehicle struck the side of Plaintiff's vehicle.

8.     As a result of the impact, Plaintiff has suffered whiplash, injuries to the left side of his body, including his left shoulder, arm, knee and leg, unsteady gait, loss of balance when walking, reduced mobility, muscle weakness, memory loss, anxiety and depression.

## V.    **NEGLIGENCE**

9. At the time of the collision, Defendant Loyal Source Government Services, LLC was the leasee/operator of the vehicle involved in the collision made the basis of this lawsuit.

10. At the time of the incident in question, the driver of Defendant's vehicle was under the control of Loyal Source Government Services, LLC, the driver of the vehicle as an employee and/or agent of Loyal Source Government Services, LLC and that employee was acting within the course and scope of his employment.

11. Therefore, Loyal Source Government Services, LLC is vicariously liable for the negligence and negligence *per se* of its employee based on the theory of *Respondeat superior*.

12. Plaintiff further asserts and alleges at the time of the collision made the basis of this suit that Defendant was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a. failing to train its employees;

    b. failing to properly supervise its employees;

    c. failing to properly implement appropriate policies and procedures;

    d. failing to ensure its employee was in the appropriate condition to be safely operating a motor vehicle;

    e. entrusting a motor vehicle to this employee;

    f. failing to provide proper and/or adequate training with respect to safe operation of a motor vehicle;

    g. failing to ensure the safety of others through proper training;

    h. creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

    i. failing to ensure that employees did not drive while distracted;

    j. failing to ensure that employees did not drive while fatigued; and

    k. negligently exercising control on its employee.

13. Each and all of the above-mentioned acts of omission and/or commission constituted negligence and were a proximate cause of the injuries and damage to Plaintiff and for which Plaintiff hereby seeks recovery.

## VI. DAMAGES

14. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and debilitating injuries as set forth above and caused to incur the following damages:

    A. Physical pain and mental anguish in the past and future; and

    B. Physical impairment in the past and future.

## VII. DEMAND FOR JURY TRIAL

15. Plaintiff requests a trial by jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court, and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE ALVAREZ LAW FIRM
P.O. BOX 984
PECOS, TEXAS  79772
(432) 445-5480 (telephone)
(432) 445-7044 Fax
alvarezlawfirm1@gmail.com

BY: /s/ Alva E. Alvarez
    ALVA E. ALVAREZ
    State Bar No. 24050039

**ATTORNEY IN CHARGE FOR PLAINTIFF**

THE WEINACHT LAW FIRM, PC
P.O. BOX 170
PECOS, TEXAS 79772-0170
(432) 445-2013
(432) 445-5255 Fax
weinachtlawfirm@yahoo.com

BY: /s/ J. William Weinacht
    J. WILLIAM WEINACHT
    State Bar No. 21083900

**ADDITIONAL ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned counsel of record certifies that on March 10, 2022, true and correct copies of the foregoing document were served electronically to all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Alva E. Alvarez
**ALVA E. ALVAREZ**